# EXHIBIT A

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>STEVEN LEWIS</u>
Plaintiff
vs.
<u>AKAL SECURITY, INC.</u>
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III. REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

1

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature  s/ Jason S Remer     FL Bar No.: 165580
      Attorney or party                              (Bar number, if attorney)

Jason S Remer  08/23/2018
   (Type or print name)                              Date

Filing # 77024355 E-Filed 08/27/2018 10:45:15 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEVEN LEWIS,

    Plaintiff,

vs.

Case No.: 2018-028663-CA-01

AKAL SECURITY, INC.,
a Foreign Profit Corporation,

DATE 9/5/18   TIME 1:33PM
INITIALS JM   ID# CPS 260

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: AKAL SECURITY, INC., through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

8/29/2018

CLERK _____ 32429
(BY) DEPUTY CLERK

DATE



12528

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEVEN LEWIS,

    Plaintiff,

vs.                                  Case No.: 2018-028663-CA-01

AKAL SECURITY, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, STEVEN LEWIS ("Plaintiff"), by and through the undersigned counsels, and hereby sues Defendant, AKAL SECURITY, INC., ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is a Black individual, and within a class of individuals protected by §1981.

6. Plaintiff commenced employment with Defendant on or about July 24, 2006 through, on or about, September 1, 2016 as a Transportation/Detention Officer.

7. On or about July 29, 2016, Plaintiff's gun license (G-License) expired.

8. Consequently, Defendant put Plaintiff on leave and under investigation until renewal of his license, which was standard procedure of the company.

9. Thereafter, Plaintiff took the steps necessary to renew his license and informed Defendant of the arrival his renewed license, on or about August 24, 2016.

10. Joe Ameto, Deputy Project Manager, informed Plaintiff that he will be fine and stated "I'm talking to Corporate; you'll be back to work".

11. However, on or about September 1, 2016, Defendant terminated Plaintiff's employment while Plaintiff's colleague, similarly situated as Plaintiff, Roberto Prado ("Mr. Prado") (White-Hispanic individual) also had an expired license but Defendant put Mr. Prado on leave. Mr. Prado was not Terminated just like Plaintiff.

12. Moreover, one of Defendant's employee (similarly situated as Plaintiff), Richard Villizon ("Mr. Villizon"), (White-Hispanic individual), had an expired license. Defendant put Mr. Villizon on leave and under investigation but did not terminate his employment with the company after renewal of his license in comparison to Plaintiff.

13. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
*Race Discrimination in Violation of 42 U.S.C. § 1981*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 of this complaint as if set out in full herein.

15. Plaintiff is a member of a protected class under § 1981.

16. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

17. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

18. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

19. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

20. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

21. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

22. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

23. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

24. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

25. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 8-22-18

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: _____
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044
Miriam Colmenarez, Esq.
Fla. Bar No.: 0118144

Filing # 77706914 E-Filed 09/11/2018 12:45:27 PM

## RETURN OF SERVICE

State of Florida          County of MIAMI-DADE          Circuit Court

Case Number: 2018-28663-CA-01

Plaintiff:
**STEVEN LEWIS**

vs.

Defendant:
**AKAL SECURITY, INC**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 4th day of September, 2018 at 3:17 pm to be served on AKAL SECURITY, INC, 1201 HAYS ST, TALLAHASSEE, FL 32301.

I, INA MATHERS, do hereby affirm that on the 5th day of September, 2018 at 1:33 pm, I:

Served the within named CORPORATION by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to CORPORATION SERVICE COMPANY as REGISTERED AGENT, by serving GWEN BUTLER as PROCESS CLERK authorized to accept service for registered agent.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which the service was made.

*Ina Mathers*

INA MATHERS
Certified Process Server #260

OJF SERVICES, INC.
13727 S.W. 152ND ST.
PMB# 354
MIAMI, FL 33177
(954) 929-4215

Our Job Serial Number: OJF-2018012528
Ref: 12528

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2g

Filing # 77024355 E-Filed 08/27/2018 10:45:15 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEVEN LEWIS,

    Plaintiff,

vs.

Case No.: 2018-028663-CA-01

AKAL SECURITY, INC.,
a Foreign Profit Corporation,

DATE 9/5/18  TIME 1:33pm
INITIALS IM  ID# 26

    Defendant.

## SUMMONS IN A CIVIL CASE

TO: AKAL SECURITY, INC., through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

8/29/2018

CLERK
   32429
(BY) DEPUTY CLERK

DATE



12528